JOHN S. YUN (Cal. Bar No. 112260)
MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
HEATHER E. MARLOW (Cal. Bar No. 215261)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>3 EAGLES RESEARCH & DEVELOPMENT, LLC, HARRY DEAN PROUDFOOT III, MATTHEW DALE PROUDFOOT, LAURIE ANNE VRVILO AND DENNIS ASHLEY BUKANTIS<br><br>Defendants, | Case No. 3:12-cv-01289-ST<br><br>[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT MATTHEW DALE PROUDFOOT |

### [PROPOSED] FINAL JUDGMENT AGAINST MATTHEW DALE PROUDFOOT

The Securities and Exchange Commission having filed a Complaint and Defendant Matthew Dale Proudfoot ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the Complaint's allegations (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Defendant and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined from, directly or indirectly, in connection with the offer or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails:

    A.    employing any device, scheme, or artifices to defraud;

    B.    obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 therunder [17 C.F.R. § 240.10b-5].

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined from, directly or indirectly, through the use of the means or instruments of transportation or communication in interstate commerce or the mails, offering to sell or selling securities, or, directly or indirectly, carrying or causing securities to be carried through the mails or in interstate commerce, for the purpose of selling or delivery after selling, in violation of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77(e)(a) and 77(e)(c)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant is liable, jointly and severally with co-defendant Laurie Anne Vrvilo and any other defendant ordered by the Court to disgorge some or all of money raised between September 2009 and October 2011 from 3 Eagles Research & Development, LLC investors, for disgorgement of $2,727,418.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $103,997.00, for a total of $2,831,415.00. Defendant shall satisfy this obligation by paying $2,831,415.00 to the Securities and Exchange Commission within thirty days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT to the extent that Defendant has not already done so, he shall file with this Court and serve upon the Commission, within five court days of this Final Judgment, a sworn accounting of:

  i. all securities, funds, real estate, and other assets held in his name, or in which he has had any direct or indirect beneficial interest, stating the location of each of the assets;

  ii. each account with any financial institution or brokerage firm in which he has or has had any direct or indirect beneficial interest;

  iii. every transaction since April 1, 2008 in which any funds or other assets of any kind were transferred from him to any other person or to any entity in which any of the named defendants have any ownership interest; and

  iv. all assets, funds, securities, and real or personal property received by him since April 1, 2008 from persons who provided money to 3 Eagles in connection the offer or sale of securities of any kind, and the disposition of such assets, funds, securities, and real or personal property, including, for each person or entity (i) the specific use to which the investor's money was put, and (ii) each location to which the investor's money was transferred.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT based on Defendant's sworn representations in his Statement of Financial Condition dated September 27, 2012, and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant

was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: March 18, 2013

*[signature]*

JUDGE ANNA BROWN
United States District Court

Submitted By:

*John S. Yun*
John S. Yun
Heather E. Marlow
Attorneys for Plaintiff
SECURITIES & EXCHANGE COMMISSION

Approved as to Form By:

*David Angeli*
David Angeli, Esq.
Angeli Law Group LLC
121 SW Morrison St.
Suite 400
Portland, OR 97204
Attorney for Defendant
Matthew Dale Proudfoot